IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JING LIANG JIANG,

    Petitioner,

v.                                                                         No. CIV 25-0922 KG/GBW

PAMELA BONDI, et al.,

    Respondents.

### MEMORANDUM ORDER AND OPINION

    This matter is before the Court on Petitioner Jing Liang Jiang's habeas petition under 28 U.S.C. § 2241, Doc. 1, and Respondents' motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), Doc. 4.  For the reasons below, the Court grants Respondents' motion and dismisses Mr. Jiang's petition without prejudice.

I.    *Background*

    Mr. Jiang, a 58-year-old Chinese citizen, "entered the United States on March 28, 2002, fleeing political persecution in China."  Doc. 1 at 5.  In 2003, an Immigration Judge ("IJ") denied Mr. Jiang's application for asylum and ordered him removed.  Doc. 1 at 5.  "On August 23, 2004, the Board of Immigration Appeals dismissed his appeal, rendering his removal order administratively final."  Doc. 1 at 5.

    Since 2004, Mr. Jiang "has married…a United States citizen…maintained continuous, lawful employment," and "dutifully filed taxes."  Doc. 1 at 7.  He "has no criminal arrests or convictions during his entire 23-year residence in the United States."  Doc. 1 at 8.  In 2024, "Mr. Jiang's U.S. citizen spouse filed an I-130 Petition for Alien Relative on his behalf," which remains pending.  Doc. 1 at 8.

"On August 13, 2025," Immigration and Customs Enforcement ("ICE") "arrested Mr. Jiang without warning at or near his home in Long Island City."  Doc. 1 at 8.  He is "currently in ICE custody at Cibola County Correctional Center."  Doc. 1 at 3.

Mr. Jiang now seeks release from custody under 28 U.S.C. § 2241.  *See* Doc. 1.  He argues that his detention is unlawful on constitutional and statutory grounds because "[t]he six-month presumptively reasonable detention period under *Zadvydas v. Davis*, 533 U.S. 678 (2001)" expired "over twenty years ago."  Doc. 1 at 5.  He further alleges that removal is not reasonably foreseeable because "twenty-one years have passed without removal"; "China has consistently refused to accept its nationals subject to removal from the United States"; and ICE "cannot obtain travel documents from China."  Doc. 1 at 13.

The Government opposes relief, arguing that Mr. Jiang's detention is lawful because the *Zadvydas* clock began when ICE took him into custody in August 2025, not when his removal period expired.  Doc. 4 at 5.

II.     *Standard of Review*

In analyzing a Rule 12(b)(6) motion to dismiss, the Court "accept[s] as true all well-pleaded factual allegations in a complaint and view[s] these allegations in the light most favorable to the" petitioner.  *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009).  A habeas petition withstands dismissal only if it alleges "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Aguilera v. Kirkpatrick*, 241 F.3d 1286, 1290 (10th Cir. 2001) (a 28 U.S.C. § 2241 petition may "be dismissed…under Rule 12(b)(6)").

A habeas petition seeks "release from unlawful physical confinement."  *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973).  Habeas review is proper where an immigration detainee is

2

"in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Zadvydas*, 533 U.S. at 687.

Under the Immigration and Nationality Act ("INA"), when a noncitizen is ordered removed, the Government must execute the removal within a 90-day "removal period." 8 U.S.C. § 1231(a)(1)(A). "During the removal period, the Attorney General shall detain the alien." § 1231(a)(2). As relevant here, the "removal period begins" when the removal order "becomes administratively final." § 1231(a)(1)(B).

Although the Government may continue to detain an "inadmissible" noncitizen beyond the 90-day removal period, *see* § 1231(a)(6), it may not detain them "indefinitely." *Zadvydas*, 533 U.S. at 699. A six-month detention is "presumptively reasonable." *Id.* at 680. This period runs only while the noncitizen is actually "detained." *Callender v. Shanahan*, 281 F. Supp. 3d 428, 435 (S.D.N.Y. 2017); *see also Ke Chen v. Holder*, 783 F. Supp. 2d 1183, 1192 (N.D. Ala.) ("*Zadvydas* time" cannot run "while a petitioner is not in custody"); *Chun Yat Ma v. Asher*, 2012 WL 1432229, at *3 (W.D. Wash.) (same). After six months, if the noncitizen "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the burden shifts to the Government to rebut that showing. *Zadvydas*, 533 U.S. at 680.

III.   *Analysis*

For the reasons below, the Court finds that (A) Mr. Jiang's detention remains within the *Zadvydas* six-month period and (B) Mr. Jiang fails to state a plausible claim for relief.

A.   *Mr. Jiang's detention has not exceeded the presumptively reasonable period.*

Based on the allegations in Mr. Jiang's petition, his detention remains within the presumptively reasonable period under *Zadvydas*. Mr. Jiang states that, although his removal order became administratively final in 2004, ICE did not detain him until August 2025,

approximately three months ago. Doc. 1 at 5. Because the *Zadvydas* period is triggered by actual detention, *see Callender*, 281 F. Supp. 3d at 435, Mr. Jiang's three-month confinement remains well within the six-month presumptively reasonable period.

Mr. Jiang argues that the presumptively reasonable detention period "expired twenty years ago," six months after the order of removal became administratively final. Doc. 1 at 12. Mr. Jiang cites *Ulysse v. Department of Homeland Security*, 291 F. Supp. 2d 1318, 1325 (M.D. Fla. 2003), and *Farez-Espinoza v. Chertoff*, 600 F. Supp. 2d 488, 499 (S.D.N.Y. 2009) in support of his view. The Court disagrees. Mr. Jiang confuses the 90-day "removal period," which began when his order of removal became final in 2004, *see* § 1231(a)(1)(B), with the six-month "presumptively reasonable period of detention" under *Zadvydas*, which could not have begun until he was detained by ICE. *See Cheng Ke Chen*, 783 F. Supp. 2d at 1192 ("Because *Zadvydas* clearly involved detention…it defies common sense to suggest that *Zadvydas* time can run while a petitioner is not in custody."); *Chun Yat Ma*, 2012 WL 1432229, at *3 (same); *Callender*, 281 F. Supp. 3d at 435 (same). The Court declines to follow *Farez-Espinoza*, 291 F. Supp. 2d at 1325, and *Ulysses*, 600 F. Supp. 2d at 488, which represent an unpersuasive minority view.

   B. *Mr. Jiang's fails to state a plausible* Zadvydas *claim.*

Because Mr. Jiang's detention remains presumptively reasonable under *Zadvydas*, the Court considers whether he nonetheless states a plausible claim. Courts are divided on whether *Zadvydas* permits challenges within the first six months of post-order detention. Some courts categorically bar such challenges, *see Malets v. Horton*, 2021 WL 11549981, at *3 (N.D. Ala.), while others allow them if the noncitizen "proves that removal is not reasonably foreseeable," *Hoang Trinh v. Homan*, 333 F. Supp. 3d 984, 994 (C.D. Cal. 2018). The Court need not resolve

this unsettled issue because Mr. Jiang fails to state a claim under either approach. Under the first standard, Mr. Jiang's petition is premature. Under the more permissive framework, Mr. Jiang fails to demonstrate that his removal is not reasonably foreseeable. He offers only conclusory assertions: that China "consistently refuses" repatriation, that removal "would have occurred" long ago if it were possible, and that ICE "cannot obtain travel documents from China." Doc. 1 at 13. Without more than generalized statements about China's practices, the petition fails.

IV.   Conclusion

For the reasons above, the Court grants Respondents' motion to dismiss and dismisses Mr. Jiang's petition without prejudice. Mr. Jiang may refile his petition if his post-order detention exceeds six-months.

IT IS SO ORDERED.

/s/ Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the court's PACER public access system.